# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MILAGROS CINTRON | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| BOSTON MARKET CORPORATION | : | NO. 19-4888 |

## MEMORANDUM OPINION

Savage, J.                                                                                                                     November 19, 2019

In removing this personal injury action, the defendant contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because the defendant has not shown that the amount in controversy exceeds the $75,000.00 jurisdictional threshold necessary for subject matter jurisdiction under 28 U.S.C. § 1332, we shall remand the action.

A defendant removing a case from state court under § 1332(a) on the basis of diversity bears the burden of demonstrating that the amount in controversy exceeds the jurisdictional threshold of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed against removal, and

all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

In the complaint, the plaintiff alleges that as a result of slipping and falling on ice on the sidewalk in front of a Boston Market, she sustained unspecified injuries requiring "medical attention" and causing her "severe physical pain, aches, fear, mental anguish, humiliation, inconveniences" and a loss of earning capacity. Compl. ¶¶ 4-5, 9-13. She demands damages "in an amount exceeding the limits of Compulsory Arbitration," which is $50,000.00. *See* Compl.'s *ad damnum* clause; Civil Cover Sheet.

The allegations in the complaint are insufficient to determine whether the plaintiff's claims exceed the jurisdictional threshold. Additionally, because the complaint seeks damages "in excess of" an amount below the jurisdictionally required amount, it is an "open-ended claim" and does not inform the amount-in-controversy inquiry. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

Nor does the Notice of Removal resolve the amount-in-controversy question. The defendant never expressly avers that the amount in controversy exceeds $75,000.00. Instead, it makes the vague statement that "the amount involved . . . [is] alleged to be in excess of $75,000.00 per plaintiff's counsel." Not. of Removal ¶ 8. It provides no context for this statement. Although a removing defendant is not required to submit evidence of the amount in controversy in the notice of removal, it must make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. The averments in the removal notice do not constitute plausible allegations of jurisdiction.

2

Because the removing defendant has not shown that the amount in controversy exceeds $75,000.00, we shall remand this action for lack of subject matter jurisdiction.